IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GREGORY RICHARDSON,

    Plaintiff,

v.                                  Civil Action No. 3:13CV275

COMMONWEALTH OF VIRGINIA,

    Defendant.

**MEMORANDUM OPINION**

Gregory Richardson, a Virginia detainee proceeding pro se, submitted this action. Richardson has amassed an extensive history of frivolous and abusive litigation. See Richardson v. Va. Dep't of Corr., No. 3:07CV514, at 1-7 (E.D. Va. Dec. 9, 2008). Thus, Richardson's litigation in this district is subject to the following pre-filing injunction:

    1.    Absent a bona fide emergency, the Court will only process one action at a time from Richardson . . . .
         If Richardson files a new action while another action is pending before the Court, the new action will be filed and summarily dismissed without prejudice. If an action is transferred or removed to this Court while another action is currently pending before the Court, the new action will be filed and summarily dismissed without prejudice. Richardson may dismiss a pending action to expedite another action that he wishes the Court to consider. Such dismissal, however, will be with prejudice if a responsive pleading or motion has been filed.

    2.    Richardson may not simultaneously litigate multiple challenges to his current custody in state and federal courts. See 28 U.S.C. § 2244(b); 28 U.S.C. § 2254(b)(1)(A).

3. Richardson is precluded from writing on both sides of any submission.

4. All petitions for writs of habeas corpus and civil rights actions under 42 U.S.C. § 1983 must be submitted on the standardized forms, which may be obtained from the Clerk of Court. To the extent that Richardson wishes to pursue an action under some other statute than 28 U.S.C. § 2241, 28 U.S.C § 2254, or 42 U.S.C. § 1983, he must identify the statute that authorizes the action at top of the first page of the action and succinctly explain why that statute is applicable.

5. In order to monitor Richardson's repetitious and multiplicitious litigation he must attach to each new complaint or petition a separate document entitled "motion for leave to file and certificate of compliance" which shall in separately number paragraphs:

(a) Identify by style, date filed, and current status, all cases filed by him or in which he has been a plaintiff or petitioner within the one year period preceding the filing of the certificate. Richardson shall also identify in which court the case was filed;

(b) Certify that the claims he wishes to present are new claims never before raised and dismissed with prejudice by any federal court and set forth why each claim could not have been raised in one of his prior federal actions;

(c) For any complaint, set forth in separate subparagraphs for each of the defendants the facts that Richardson believes entitle him to relief against the defendant and the basis for his belief that such facts exist. Each subparagraph must, standing alone and without reference to other subparagraphs, exhibits, or attachments, establish that the

>
> claim against the defendant is made in good faith, and has a tenable basis in fact and is not frivolous;
>
> (d) Contain Richardson's statement under penalty of perjury that the statements made in the certificate of compliance are true.
>
> 6. Richardson's failure to comply strictly with the requirements set forth above will result in summary denial of the motion for leave to file. If Richardson misrepresents any facts he will be subject to appropriate sanctions.

Id. at 7-9.

Richardson's latest submission does not comport with the above prefiling injunction. Richardson already has an action pending, Richardson v. Superintendent Piedmont Reg'l Jail, No. 3:13CV249 (E.D. Va.), and fails to demonstrate any bona fide emergency. Richardson has also failed to comply with paragraphs 4 and 5 of the injunction. Accordingly, Richardson's action will be FILED and this action will be dismissed without prejudice.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Richardson.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: July 25, 2013
Richmond, Virginia

3